UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA L. ARAGON,

        Plaintiff,

v.                                    Case No. 8:14-cv-274-T-33EAJ

SCHOOL DISTRICT OF MANATEE
COUNTY, FLORIDA,

        Defendant.
_____/

**ORDER**

    This cause comes before the Court in consideration of Defendant School District of Manatee County's[1] Motion to Quash Service of Process (Doc. # 5), filed on February 26, 2014. Plaintiff Patricia Aragon filed an affidavit in response to the Motion on March 13, 2014.  For the reasons that follow, the Court grants the Motion.

**I. Background**

    On February 4, 2014, Aragon initiated this Title IX retaliation action against the School District of Manatee

_____

[1] Although Defendant has not filed a motion to correct its docketed designation in this case as "School *District* of Manatee County," the Court notes that Defendant refers to itself as the "School *Board* of Manatee County" in the present Motion. (Doc. # 5) (emphasis added).  The Court will continue to refer to Defendant as the School District of Manatee County until this discrepancy is cured by the parties.

County with a single-count complaint. (Doc. # 1). Stated succinctly, Aragon, a teacher at Manatee High School, alleges that the School District retaliated against her for reporting what she believed to be unlawful sexual harassment of female high school students by an assistant football coach. (Id. at 1).

On February 14, 2014, Aragon filed a return of service executed, indicating that process server Kurt Klein had effected service of process upon the School District on February 5, 2014. (Doc. # 4). However, on February 26, 2014, the School District filed a Motion to Quash Service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. (Doc. # 5). That Motion argues as follows:

> Section 1001.40 of the Florida Statutes requires that all suits against school boards be served on the chairman of the school board and if he or she cannot be found, on the superintendent of the school board as the executive officer and only in the absences of both the chairman of the school board and the superintendent, service may be made on a general member of the school board.
> On February 5, 2014, the Plaintiff served her complaint on a School Board employee who was not a person designated pursuant to Fla. Stat. § 1001.40. . . . The complaint was served without determining the absence of both the Chairman . . . and the Superintendent . . . , either of whom may have been available to receive the complaint and summons as required by the . . . statute.

(Id. at 1-2).

In support of the Motion, the School District attaches the Declaration of Kelly Collins, who is employed by the School District as an "Agency Administrative Associate I." (Doc. # 5-1).  Collins avers that she was served with the summons in this case, but that "[t]he summons was accompanied by only the first page of the complaint."  (Id. at 1). Furthermore, Collins states that "[a]t no time did the process server inquire in my presence about the availability of the Chairman or Superintendent of the School Board."  (Id.).

In response to the Motion, Aragon provides no legal memorandum of law, as required by the Local Rules of this Court,[2] but instead offers the affidavit of process server Kurt Klein.  Klein's affidavit provides the following statement:

> On February 5, 2014, at 4:30 pm, I personally served a Summons & Complaint to the School District of Manatee County Florida . . . .  Upon arrival I was met with the receptionist on the ground floor.  I informed her I had Summons and Complaint (sic) to be served to the [S]chool District of Manatee County.  She called someone and explained that I had a Summons & Complaint to be served.  A few minutes later a Ms. Kelly Collins came down and reviewed all the documents and stated that she "would accept the documents."  I placed my

---

[2] "Each party opposing a motion or application shall file within fourteen days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request . . . ."  Local Rule 3.01(b), M.D. Fla.

> initials, identification number and date on the
> Summons and thank[ed] her for her time and left the
> property.

(Doc. # 6).

The Court has reviewed the Motion as well as the affidavits submitted by both parties and is otherwise fully advised in the premises.

## II.  <u>Analysis</u>

"'[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity.'" <u>Andujar v. All Coast Transporters, Inc.</u>, No. 12-62091-CIV, 2013 WL 2404059, at *2 (S.D. Fla. May 31, 2013) (quoting <u>Familia de Boom v. Arosa Mercantil, S.A.</u>, 629 F.2d 1134, 1139 (5th Cir. 1980)).  In this case, because the School District claims that Aragon's service of process was invalid, Aragon must show that she effected proper service on the School District.

Rule 4 of the Federal Rules of Civil Procedure provides for many instances in which service is appropriate when effected in accordance with applicable state law. <u>See</u>, <u>e.g.</u>, Fed. R. Civ. P. 4(e)(1) ("[A]n individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court

is located . . . ."); Fed. R. Civ. P. 4(j)(2) ("A state, municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . . serving a copy of [the summons and complaint] in the manner prescribed by that state's law for serving a summons or like process on such a defendant.").

In this case, the School District contends – and Aragon does not contest – that the procedure for service is controlled by Section 1001.40, Florida Statutes. (Doc. # 5 at 1). As summarized above, that statute imposes the following guidelines for service:

> In all suits against district school boards, service of process shall be had on the chair of the district school board or, if he or she cannot be found, on the district school superintendent as executive officer of the district school board or, in the absence of the chair and the district school superintendent, on another member of the district school board.

Fla. Stat. § 1001.40.

The affidavit proffered by Aragon fails to refute the School District's allegations of defective service. Indeed, the affidavit corroborates the School District's factual assertions that "the complaint was served [on Ms. Collins] without determining the absence of both the Chairman . . . and the Superintendent . . . , either of whom may have been

available to receive the complaint and summons . . . ." (Doc. # 5 at 1-2). Mr. Klein's affidavit merely states that he informed a receptionist that he had a summons and complaint to serve on the School District, and that Mr. Klein left the documents with Ms. Collins after she accepted them. (Doc. # 6). The affidavit contains no information regarding the availability of the Chairman or Superintendent, and Aragon has provided no legal argument or authority otherwise demonstrating to the Court that service was proper under the circumstances of this case.

"Upon a showing of insufficient service of process, Fed. R. Civ. P. 12(b)(5) provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process." Smith v. Conner, No. 8:12-cv-52-T-30AEP, 2013 WL 268685, at *2 (M.D. Fla. Jan. 24, 2013) (quotation omitted). The Court finds it appropriate at this juncture to grant the School District's Motion to Quash Service so that Aragon may have an opportunity to re-attempt service of process on or before June 4, 2014, which, in this case, represents the deadline for service imposed by Federal Rule of Civil Procedure 4(m).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant's Motion to Quash Service of Process (Doc. #
5) is **GRANTED.**

(2)   Plaintiff is directed to re-attempt service of process
on or before June 4, 2014.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this
<u>20th</u> day of March, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record